UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:22-CR-70-REW-HAI |
| v. ) | |
| ) | ORDER |
| SHERRY L. SPENCER, ) | |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 29 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Sherry L. Spencer's guilty plea and adjudge her guilty of Count One, Count Two, and the forfeiture allegation in the indictment. *See* DE 31 at 2 (Recommendation); *see also* DE 1 (Indictment); DE 24 (Plea Agreement). Judge Ingram expressly informed Spencer of her right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 31 at 3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996)) (alterations adopted) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate judge's report and recommendation he has forfeited his right to raise this issue on appeal.'"); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection" filed);

1

28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 31, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of Counts One and Two of the indictment.

2. Further, per Judge Ingram's recommendation, the Defendant's agreement, and an audit of the rearraignment hearing, the Court provisionally **FINDS** that the property identified in the indictment (DE 1 at 3-4) is forfeitable. Defendant has an interest in said property, and the Court preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED**. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. Fed. R. Crim. P. 32.2(b)(4)(A). The Court will further address forfeiture at that time. *See id.* at (b)(4)(B).

3. The Court will issue a separate sentencing order.[1]

This the 20th day of April, 2023.



Signed By:
*Robert E. Wier*
**United States District Judge**

---

[1] Judge Ingram remanded Spencer to custody post-plea, which preserved her status following arraignment. *See* DE 13. As such, Spencer will remain in custody pending sentencing, subject to intervening orders.